Commonwealth *v.* Green, Appellant.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf* and *J. David Bean,* Assistant District Attorneys, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 22, 1975:

On February 19, 1974, appellant pleaded guilty to charges of burglary and larceny. He was sentenced and no direct appeal was taken. While serving his sentence appellant filed a petition pursuant to the Post Conviction Hearing Act.[1] The PCHA court denied appellant a hearing stating that there was no merit whatsoever in the appellant's PCHA petition.[2] The appellant is now appealing the decision on the PCHA petition.

Appellant's primary claim is that the on-the-record colloquy which preceded the court's acceptance of his guilty plea did not disclose that the elements of the crimes charged were outlined in understandable terms. See *Commonwealth v. Ingram,* 455 Pa. 198 (1974). We must agree with appellant. The record is silent on this point except for the following question posed to appellant by his trial counsel:

> "Have I explained the charges against you, the burglary and the larceny and the possible punishment for those charges and any possible defenses you might have?"

It is clear that this question does not meet the very specific requirements mandated by *Commonwealth v. Ingram,* supra, and therefore appellant's PCHA petition cannot be classified as patently frivolous.

However, simply because appellant has, what appears to be, a valid claim does not in itself entitle him to PCHA relief. Section 3 of the PCHA states:

> "To be eligible for relief under this act, a person must initiate a proceeding by filing a petition under

---

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., effective March 1, 1966. 19 P.S. §§ 1180-1 et seq. Hereinafter referred to as PCHA.

2. Section 9 of the PCHA states: "However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner."

Section 5 and must prove the following:

. . .

(d) That the error resulting in his conviction and sentence has not been finally litigated or waived." Section 4 of the PCHA defines "waived" as follows:

"(b) For the purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

In the instant case appellant failed to raise the issue concerning the guilty plea on direct appeal and therefore we must assume that such failure was knowingly and understandingly made. The appellant can overcome this presumption and thereby gain PCHA relief by showing the existence of extraordinary circumstances which justify his failure to raise the issue on direct appeal. In his PCHA petition appellant has attempted an explanation of his failure to raise the guilty plea issue on direct appeal, by claiming ineffective assistance of counsel. The Pennsylvania Supreme Court has held that ineffective assistance of counsel does constitute "extraordinary circumstances" which would entitle one to PCHA relief. *Commonwealth v. Wideman*, 453 Pa. 119, 123 (1973).

Unfortunately we cannot now, on the basis of the record, determine if trial counsel's action in not raising the issue on appeal had a reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel.*

*Washington v. Maroney,* 427 Pa. 599 (1967). While it is true that counsel could have raised this issue on direct appeal, thereby gaining appellant a new trial, it could also be true that as a practical result such action would have been fruitless as a new trial might have resulted in appellant's certain conviction and quite possibly a greater sentence than that achieved by the guilty plea. In addition counsel may have in fact advised appellant of the guilty plea issue; yet appellant may have informed counsel that he nevertheless did not wish to pursue the appeal, after consideration of the available alternatives and consequences. However, all of this is simply conjecture and the true facts can be easily ascertained at a PCHA hearing where appellant and trial counsel can testify as to what actually happened. If the appellant can show extraordinary circumstances, i.e., by establishing his claim of ineffective assistance of counsel, he will have satisfied Sections 3 and 4 of the PCHA, supra, and can then proceed to raise the issue relating to his guilty plea. This procedure is supported by the recent Pennsylvania Supreme Court case of *Commonwealth v. Twiggs,* 460 Pa. 105 (1975).

Therefore this case is remanded for a hearing pursuant to appellant's PCHA petition.

---

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent because in my judgment when a defendant in open court says his counsel has explained to him the charges of burglary and larceny (of which he was convicted) there is adequate proof on the record that the elements of the crimes charged were outlined to the defendant in understandable terms.

WATKINS, P. J., joins in this dissenting opinion.