408 A.2d 1149

**COMMONWEALTH of Pennsylvania**

v.

**William WESELYK, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed Aug. 31, 1979.

Petition for Allowance of Appeal Denied Feb. 13, 1980.

Matthew J. Ryan, 3rd, Philadelphia, for appellant.

Steven J. Cooperstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that (1) the evidence was insufficient to convict him of bribery, 18 Pa.C.S.A. § 4701(a), and (2) his sentence was manifestly excessive. We find no merit to these contentions and therefore affirm the judgment of sentence.

On February 28, 1977, Philip Weinstock, an officer of the Westmoreland Coal Company (Company), met with appellant and a co-defendant, both field investigators for the Pennsylvania Department of Revenue, Sales Tax Division, to discuss the Company's sales tax liability on a recently purchased airplane. Weinstock had completed the applicable forms and estimated the tax due at $31,500. Appellant stated that Weinstock could pay the Commonwealth only half the tax due and split the difference with appellant and his co-defendant. Weinstock promised to take the matter up with his superiors. As soon as appellant and his co-defendant left the office, Weinstock reported the incident to the proper authorities.

On March 6, 1977, Weinstock telephoned appellant and told him the Company accepted his offer. Appellant instructed Weinstock to prepare a tax form showing liability of $8,000 and give $8,000 in cash to himself and his co-defendant, to be delivered the next day in Weinstock's office. At that meeting, appellant told Weinstock to forget the tax form altogether and simply pay him $10,000 cash. Appellant accepted the $8,000 on hand, instructed Weinstock to bring the remainder the next day, and assured him that their transaction would never be discovered. As appellant left the office, Weinstock signalled nearby law enforcement officials who placed appellant under arrest.

■ Appellant first contends that the bribery conviction cannot stand because there was no evidence at trial tending to show that the Company had an actual sales tax liability to the Commonwealth on the airplane purchase. The argu-

ment is that without such proof, there was no evidence to show that appellant violated any known legal duty in accepting the bribe. Appellant has not cited to us any authority in support of this position. Regardless of whether there was an actual sales tax liability, appellant violated his public duty by accepting a bribe for failing to investigate any potential sales tax liability and preventing other officials from investigating the situation. 18 C.P.S.A. § 4701(a)(3).

 Appellant also contends that his sentence was manifestly excessive. However, it appears on the record that the court considered and re-considered all the factors enumerated in *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), in sentencing appellant to two concurrent terms of 6 to 12 months total confinement and a concurrent term of five years probation. The court below found that imprisonment was not needed for rehabilitative or custodial purposes, but was justified because of appellant's breach of the public trust. It is well-settled that the seriousness of an offense may itself justify incarceration rather than probation. *Id.*, 466 at 133 n.24, 351 A.2d at 658.

Judgments of sentence affirmed.