410 A.2d 889

**COMMONWEALTH of Pennsylvania**

v.

**Joseph B. SAMPLE, Appellant.**

Superior Court of Pennsylvania.

Argued July 23, 1979.

Filed Sept. 21, 1979.

48

David L. Pollack, Philadelphia, for appellant.

Ann C. Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

O'BRIEN, Judge:

On July 9, 1975, appellant, Joseph B. Sample, was convicted by a jury of murder of the first degree, robbery, criminal conspiracy and various weapons offenses. Post-verdict motions were filed, argued and denied. Thereafter appellant was sentenced to a term of life imprisonment for his murder conviction, and concurrent terms of eight to twenty years for robbery, five to ten years for conspiracy, and two to five years for possessing a prohibited offense weapon. No direct appeals were taken.

On May 1, 1978, appellant, pursuant to his petition filed in accordance with the provisions of the Post Conviction Hearing Act,[1] was granted leave to appeal *nunc pro tunc.*

The facts of the instant crime are as follows. At approximately 2:45 p. m., on January 7, 1975, the decedent, Bruce Tingle, and his wife, Claudette, were in the kitchen of their home in Philadelphia. Mrs. Tingle was speaking on the telephone when the doorbell rang, and her husband went to the door. When he returned to the kitchen, he was followed by two other persons, one of whom was armed with a pistol. Claudette Tingle knew one of these persons, Norman Miller, from previous visits by Miller to the Tingle home. The other, armed, person Mrs. Tingle subsequently identified as appellant.

Appellant ordered decedent to "give up everything," which decedent proceeded to do in that he placed money and marijuana in a leather bag. Appellant then told Mrs. Tingle to leave the room. She complied with this direction, picked up her young child, and walked out of the kitchen. As Mrs. Tingle left the room she heard a gunshot. Norman Miller

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

1. Act of January 25, 1966, P.L. (1965) 1580, § 1, et seq., 19 P.S. § 1180–1, et seq.

ran past on his way toward the door, knocking decedent's wife to the floor. When she got up, Mrs. Tingle heard a second gunshot. From the kitchen the victim yelled to his wife to run. Mrs. Tingle ran from her home with the child, went to a neighbor's home, left the child and told the neighbor to telephone the police. Mrs. Tingle returned to the street where she discovered her husband lying on the sidewalk fatally wounded by a single .32 caliber bullet in the chest.

■ Appellant challenges, *inter alia,* the sufficiency of the evidence to support the verdicts. The test to be employed in evaluating the sufficiency of the evidence in a criminal case is well-settled. We must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and all reasonable inferences therefrom upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and reasonable inferences are sufficient in law to prove beyond a reasonable doubt all the elements of the crime charged. *Commonwealth v. Tate,* 485 Pa. 180, 401 A.2d 353 (1979). Applying this test to the facts recounted *supra,* we conclude the evidence adduced at trial was sufficient in law to support verdicts of guilty on those counts charging murder of the first degree, robbery, and criminal conspiracy.

Appellant was also charged with three weapons violations upon which guilty verdicts were returned. Appellant was adjudged guilty of violation of 18 Pa.C.S.A. § 907(a), possessing instrument of crime, generally; 18 Pa.C.S.A. § 907(b), possessing instrument of crime, weapon, and 18 Pa.C.S.A. § 908, possessing prohibited offensive weapon. Sentence was suspended on those counts charging violation of §§ 907(a) and 907(b). On that count charging violation of § 908, appellant was sentenced to a term of imprisonment of two to five years.

■ The weapon appellant possessed and used during the commission of the instant crime was an unaltered .32 caliber revolver. It is clear that an unaltered pistol or

revolver is not a prohibited offensive weapon under § 908. *Commonwealth v. McHarris*, 246 Pa.Super. 488, 371 A.2d 941 (1977). The evidence thus was insufficient in law to support the verdict of guilty on that count. Additionally, § 907(b) requires, by its very language, proof of concealment. The record of the instant case, as the Commonwealth concedes, is barren of any evidence of concealment. Hence, the guilty verdict on that count is similarly without sufficient evidence to support it.

■ The evidence adduced at trial is, however, sufficient to support a guilty verdict on that count charging violation of § 907(a), possession of instrument of crime, generally. *Commonwealth v. McNear*, 238 Pa.Super. 177, 353 A.2d 39 (1975), aff'd, 478 Pa. 19, 385 A.2d 975 (1978).

■ Of more moment, however, is the procedural history of the instant case. The record of the proceedings below indicates that of appellant's remaining assignments of error, all were either unobjected to at trial or, if objected to, were not raised in appellant's post-verdict motions. The import of our case law is clear that *at that stage*, all of appellant's claims of error had been waived. Pa.R.A.P. 302; *Commonwealth v. Johnson*, 474 Pa. 410, 378 A.2d 859 (1977).

■ On June 20, 1977, appellant, through new counsel, filed a petition pursuant to the Post Conviction Hearing Act. Therein appellant urged upon the court below five instances of trial counsel ineffectiveness and three instances of post-verdict motions counsel ineffectiveness, both for failure to preserve issues for appellate review. Allegations of ineffective assistance of counsel, if proved, would have been sufficient to revivify those claims of error theretofore presumptively waived. *Commonwealth v. Green*, 234 Pa.Super. 236, 338 A.2d 607 (1975); *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978).

■ If the post-conviction hearing court determined that petitioner was entitled to a direct appeal, it should have ascertained whether proper post-verdict motions had been filed. In the absence of such motions, as in the instant case,

leave should have been granted to file post-verdict motions, *nunc pro tunc.* "Such a procedure allows the trial court an opportunity to grant relief or answer allegations of error, thus possibly eliminating the necessity of an appeal, or, in the alternative, providing the appellant court with a complete record and issues ripe for review." *Commonwealth v. Westbrook,* 245 Pa.Super. 174, 369 A.2d 350 (1976).

At the very least a hearing on appellant's PCHA petition should have been held and a determination of effectiveness of counsel made. Instantly, however, neither of the above alternatives was taken. The record indicates the court below granted appellant leave to appeal *nunc pro tunc* in the absence of a hearing, ordered appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and filed an opinion treating the Rule 1925(b) matters as if they were post-verdict motions. In that opinion the court below summarily disposed of appellant's ineffective assistance of counsel claims with the erroneous conclusion that such claims had been waived.

Appellant now raises in this court ten assignments of error. Issue IX in appellant's brief is a general assertion that trial and post-verdict motion counsel were ineffective in failing to properly preserve the other nine claims. Those claims themselves are addressed on their merits, not argued in the context of ineffectiveness. No determination below of the ineffectiveness claim is available to us.

Two conflicting and compelling interests contest with us for their vindication. In the interest of judicial economy, appellate courts have reached the merits of claims before them when counsel's ineffectiveness is apparent on the record. *Commonwealth v. Pfaff,* 477 Pa. 461, 384 A.2d 1179 (1978); *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978).

On the other hand, the interest of procedural integrity would warrant our remand to the court below for resolution

of the ineffectiveness claim, or in an extreme case, our affirming the judgment of sentence.

■ Because we are convinced that on the record before us, trial and post-verdict motions counsel were ineffective in the face of reversible error, we opt for the former alternative.

Appellant asserts two specific instances of prosecutorial misconduct. He submits trial and post-verdict motions counsel had no reasonable basis designed to effectuate their client's interest to forego preservation of these issues.

First, appellant argues the prosecutor impermissibly prejudiced his interest by commenting upon appellant's election to exercise his right to remain silent. The first reference to appellant's silence was elicited by the prosecutor on direct examination of a Commonwealth witness:

"Q. Now please go on in your own words and tell us what, if any conversation, you then had with Mr. Sample?

"A. After the doctors had got finished working on him, I asked him for his name, his age, his residence, what happened to him, what location he was taken from.

"Q. Why were you seeking that information, Detective?

"A. For the reason that there was another male that had been brought in, deceased, from Chadwick and Dickinson Streets, also in the South Philadelphia area, and to find out whether this crime was related.

"Q. And did you get any response from Mr. Sample?

"A. I got a response to all questions except the question of how he got shot."

Appellant's trial counsel objected to this reference and moved for mistrial. The objection was impliedly granted when the court gave a cautionary instruction. In *Commonwealth v. Maloney*, 469 Pa. 342, 365 A.2d 1237 (1976), Mr. Justice (now Chief Justice) Eagen, analyzed the effectiveness of cautionary instructions in purging error caused by comment upon an accused's silence:

"In making this decision, the following will be important but not necessarily exclusive: (1) the nature of the reference, particularly whether it was a specific comment on the accused's silence at trial or at the time of arrest or whether it was . . . merely a reference to the fact that incriminating evidence of the Commonwealth was undenied or uncontradicted; and (2) whether the accused's silence was exploited by the district attorney." *Id.* 469 Pa. at 349, 365 A.2d at 1241.

Regarding the second of these criteria, a review of the prosecutor's closing argument to the jury discloses the district attorney opined:

"I suggest to you if he was in that house with four other persons, being robbed and shot, like everyone else, what is the first thing you would say to a police officer at the hospital?"

The prosecutor thus not only elicited a testimonial reference to the accused's decision to remain silent, but also attempted to utilize that silence to contravene appellant's sole defense, i. e., that he was a victim of rather than perpetrator of the instant shooting.

The prosecutor's argument was objected to but the trial court declined to give a cautionary instruction to the jury. We conclude the prosecutor's argument was reversible error and that there can have been no reasonable basis for failing to include an assertion to that effect in post-verdict motions. See also, *Commonwealth v. Easley*, 483 Pa. 337, 396 A.2d 1198 (1979).

Appellant's second assertion of prosecutorial misconduct also addresses itself to the prosecutor's closing argument. At the conclusion of his summation the district attorney told the jury:

"The question is no longer what the verdict is, the question is how long are you, as twelve people, going to tolerate this type of activity? . . . Come back, in a

clear voice and say to this community that you no longer will stand for this activity. . . ."

This comment by the prosecutor went unobjected to by trial counsel and was not argued by post-verdict motions counsel. The case law of this Commonwealth consistently condemns such argument. In *Commonwealth v. Long*, 258 Pa.Super. 332, 392 A.2d 810 (1978), we held a prosecutor's remark that the jury consider "the larger issue" of public safety to be improper. In *Commonwealth v. Mayberry*, 479 Pa. 23, 387 A.2d 815 (1978), our Supreme Court held erroneous a summation which included a plea "to bring back a verdict so that the good citizens of this community will know that we are not going to stand for this senseless tragic gang killing . . . ." Similarly, in *Commonwealth v. Harvell*, 458 Pa. 406, 327 A.2d 27 (1974), our Supreme Court characterized argument including statements such as "Men are afraid to walk the streets themselves" as "ill-concealed attempts to divert the inquiry from the pursuit of truth and an invitation to give vent to visceral and unreasoned responses." See also, *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974).

In the instant case we are presented with what is, fortunately, a rarity: an unequivocal exhortation to the jury to disregard the duty they had sworn to perform. The prosecutor expressly told the jury that "[t]he question is no longer what the verdict is . . . ." The prosecutor's argument in the instant case was an appeal to the viscera, a prayer for vengeance, an invitation to lynch law. It was egregious error which makes farcical a judicial system which condones it. We do not.

There can have been no reasonable basis for trial and post-verdict motions counsel to have failed to preserve this issue for our review.

Judgments of sentence reversed and case remanded for new trial.