417 A.2d 745

**COMMONWEALTH of Pennsylvania**

v.

**William Alexander HILL, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1979.

Filed Dec. 28, 1979.

Hillel Lewis, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, J.*

PER CURIAM:

On June 11, 1976, a court sitting without jury convicted appellant of murder of the third degree and possession of an instrument of crime. Appellant, represented by trial counsel, filed post-verdict motions challenging only sufficiency of the evidence to sustain the verdicts. After denying the motions, the trial court sentenced appellant to a term of imprisonment of 4 to 16 years for murder and a concurrent term of 2 to 4 years on the weapons charge. Appellant's counsel did not file an appeal. On June 7, 1977, appellant, acting *pro se*, filed a petition under the Post Conviction Hearing Act,** seeking permission to appeal *nunc pro tunc*. The PCHA court appointed counsel, who filed an amended petition alleging that trial counsel was ineffective because he had a conflict of interest based on his representation of the Commonwealth's chief witness in another matter. The Commonwealth answered this amended petition, admitting that appellant had stated facts which, if true, would entitle him to relief and requesting that the court hold an evidentiary hearing. The PCHA court granted an appeal *nunc pro tunc* but did not hold a hearing. We remand for an evidentiary hearing to determine the effectiveness of trial counsel.

At appellant's trial, the Commonwealth presented James Edward Sanders as an eyewitness. During direct examination, the trial court asked the prosecutor, "Is that your witness?" Trial counsel answered, "No. He's a client of mine, Your Honor." Direct examination then continued.

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania is sitting by designation.

** Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp.1979), repealed, Act of April 28, 1978, P.L. 202, effective June 27, 1978.

Appellant argues that the trial court should have held a colloquy or hearing to determine whether trial counsel, despite the conflict of interest, should continue his representation. Appellant alleges that he was unaware of the conflict of interest until Sanders testified.

Faced with appellant's allegations, the PCHA court should have held a hearing to determine whether trial counsel was effective. See *Commonwealth v. Sample,* 270 Pa.Super. 47, 410 A.2d 889 (1979). Because the record is too meager to permit this court to make that determination, we remand for the PCHA court to hold a hearing. See *id.*

Case remanded for proceedings consistent with this opinion.