422 A.2d 184

**COMMONWEALTH of Pennsylvania,**

v.

**Anthony JACKSON, a/k/a Kenneth Terry Watkins, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Oct. 24, 1980.

Petition for Allowance of Appeal Denied March 13, 1981.

Joseph W. Mullin, Public Defender, Huntingdon, for appellant.

Stewart L. Kurtz, District Attorney, Huntingdon, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

BROSKY, Judge:

On July 7, 1977, a criminal complaint was filed against appellant, Anthony Jackson, a/k/a Kenneth Terry Watkins, by the Pennsylvania State Police charging him with attempted escape and possession of weapons or implements of escape. The appellant was tried in the Criminal Division of the Court of Common Pleas of Huntingdon County, without a jury, on October 10, 1977; and a verdict was rendered which found the appellant not guilty of criminal attempt and guilty of possession of weapons or implements of escape.

Motions in arrest of judgment and for a new trial were timely filed. The motions were subsequently dismissed. Appellant was sentenced on December 18, 1978 for having possession of implements of escape and was committed for a period of not less than six months nor more than two years, this sentence to run consecutively to the sentence previously

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania is sitting by designation.

imposed by the County of Philadelphia, which appellant was presently serving.

Appellant predicated his appeal on two grounds:[1]

First: Was the appellant properly convicted of the offense of possession of weapons or implements of escape? Second: Is Section 5122(a)(3) of the Pennsylvania Crimes Code [18 C.P.S.A. as amended] unconstitutional?

On June 22, 1977, the appellant was an inmate in the S.C.I.H.[2] and was the sole occupant of cell 567 in "E" block. On that date, at approximately 6:30 p. m., in the course of making a routine bar check[3] of "E" block, a Corrections Officer checked the window bars of appellant's cell and discovered that two of the bars had cuts which were concealed by putty and paint. Inside the cell, the officer found paper bags containing beef jerky, protein pills, candy bars, civilian clothing, a ball of putty, and a can of paint of the type that was used to cover the cuts in the bars. Inside a locked locker, the officer found a hacksaw blade in a wooden frame wrapped inside a newspaper. During the bar check and shakedown of appellant's cell, appellant was not present.

The case against appellant stands or falls on the disposition of the issue of whether the Commonwealth has proved beyond a reasonable doubt that the hacksaw was in the appellant's possession or under his control. In the case of *Commonwealth v. Crowley*, 259 Pa.Super. 204, 393 A.2d 789 (1978), SPAETH, J. held that evidence, which established that inmate had for some time been sole occupant of cell and that implements of escape were found [under his bed], was sufficient to establish that implements were under his control.

The "control" in the present case is even stronger than *Crowley*, supra, for here the implement of escape, the hack-

1. The District Attorney of Huntingdon County did not file a brief.

2. S.C.I.H.–State Correctional Institution at Huntingdon.

3. Bar check consists of prison personnel inspecting window and other bars by striking bars for sound and feel to determine whether they have been tampered with (N.T. 2).

saw blade, was found inside a locked locker inside appellant's cell, to which locker the appellant had access by means of a key, the only other access to the locker being by means of a master key in the possession of the officer in charge of "E" block.

■ Viewing the testimony in the light most favorable to the Commonwealth, the evidence supports the finding by the lower court that appellant, while an inmate, did unlawfully have in his possession or under his control [4] an implement of escape. *Commonwealth v. Sample*, 270 Pa.Super. 47 at 51, 410 A.2d 889 at 891 (1979):

> Appellant challenges, inter alia, the sufficiency of the evidence to support the verdicts. The test to be employed in evaluating the sufficiency of the evidence in a criminal case is well–settled. We must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and all reasonable inferences therefrom upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and reasonable inferences are sufficient in law to prove beyond a reasonable doubt all elements of the crime charged. *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979).

Applying this test to the facts recounted, supra, we conclude the evidence adduced at trial was sufficient in law to support verdicts of guilty.

Appellant's second question is, namely,

II. Is Section 5122(a)(3) of the Pennsylvania Crimes Code unconstitutional?

---

4. The phrase "or under his control" was added by the 1974 amendment. This addition manifests a legislative awareness of the difficulties of proving constructive possession in cases arising in prisons, because of the difficulty of proving "exclusive control" or "equal access." By permitting conviction upon proof of "control" only, the legislature avoided this difficulty; *Crowley*, supra. Here, the evidence established that appellant had for some time been the sole occupant of the cell, and that the implements of escape were found in his closed and locked locker. That was sufficient evidence to establish that the implements were "under (appellant's) control."

The lower court answered this question in the negative.

Neither the lower court nor this court is aware of a Pennsylvania Appellate or lower court authority bearing on this section's constitutionality nor has appellant provided such authority.

The principal argument of appellant is that the language of the statute does not set forth with precision, precisely what is meant by "under his control".

In addition thereto, appellant argues the language "any tool, implement or other thing which may be used for escape" is so vague as to make it impossible for an inmate or anyone else to determine what is meant by that language.

This statute, now a part of the Crimes Code of 1972 as amended,[5] provides:

18 Pa.C.S.A. 5122(a)(3) provides:

An inmate commits a misdemeanor of the second degree if he unlawfully procures, makes or otherwise provides himself with, or unlawfully has in his possession or under his control, any tool, implement or other thing which may be used for escape.

b. Definitions.

(1) As used in this section the word "unlawfully" means surreptitiously or contrary to law, regulation or order of the detaining authority.

We conclude that under the standards which must govern the disposition of Jackson's challenge of the statute, it is sufficiently definite.

■ Absent the assertion of an infringement of First Amendment freedoms,[6] the specificity of a statute must be

---

5. Act of December 6, 1972 as amended 1974, December 10, P.L. 910 No. 300 Section 2, immediately effective. 18 Pa.C.S.A. 5122 (Pocket Parts).

6. See e. g. *Lewis v. New Orleans*, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974); *Gooding v. Wilson*, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1973); *Coates v. Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). See also Comment, Recent Supreme Court Developments of the Vagueness Doctrine, 7 Conn.L.Rev. 94,

measured against the conduct in which the party challenging the statute has engaged. As the Supreme Court has stated:

It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand. [citations omitted] *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706, 713 (1917).

 A criminal statute must give reasonable notice of the conduct which it proscribes to a person charged with violating its interdiction. Statutes which are so vague that they fail to provide such notice violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926); *United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); *United States v. National Dairy Products Corp.,* 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–598 9 L.Ed. 561, 565 (1963); Comment, Public Disorder Offenses Under Pennsylvania's New Crimes Code, 78 Dick.L.Rev. 15, 33 (1973).

Statutes which are challenged on the ground of vagueness are not, however, to be tested against paradigms of legislative draftmanship.

The fact that [the legislature] might without difficulty have chosen "clear and more precise language" equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague. *United States v. Powell,* supra.

 Where the statute contains a standard sufficiently normative to inform the conduct of the person against whom the statute is being applied, the statute will be upheld, *Commonwealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244 (1976). It seems clear then, that when an ascertainable standard is present in a statute, the violator whose conduct falls clearly within the scope of such standard has no standing to complain of vagueness. This leads us to the question whether such a standard is present in the case at bar.

100 (1974). The Void for Vagueness Doctrine in the Supreme Court 109 U.Pa.L.Rev. 67 (1967).

In disposing of vagueness challenges to other sections of the Crimes Code, both the Harassment Section [*Commonwealth v. Duncan*, 239 Pa.Super. 539, 363 A.2d 803 (1976)] and Failure to Disperse Section, [*Commonwealth v. DeFrancesco*, 240 Pa.Super. 705, 360 A.2d 235 (1975)] have been found to be sufficiently definite to inform a person of average intelligence that a certain type of conduct was prohibited.

█ By analogy to the above cases, we hold the Implements of Escape Section, 18 Pa.C.S.A. 5122(a)(3) as amended in 1974, supra, gives adequate notice to a person of ordinary intelligence that the conduct which formed the basis of the charge was forbidden by statute and thus is constitutional under the due process standard.

Based on the foregoing discussion, the judgment of sentence is affirmed.