444 A.2d 1228

**COMMONWEALTH of Pennsylvania**

v.

**Clarence WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1981.

Filed April 23, 1982.

Louis S. Criden, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

BECK, Judge:

Pursuant to 18 Pa.C.S.A. § 903(a)[1] and 18 Pa.C.S.A. § 4701(a)(3)[2], Appellant was charged with and, in a nonjury trial, convicted of multiple counts of criminal conspiracy and bribery[3] in connection with his former employment with the Sanitation Division of the Philadelphia Department of Streets. Subsequently, Appellant's post-verdict motions were denied, and two concurrent sentences of six to twenty-three months incarceration were imposed for the three counts of conspiracy and for three counts of bribery. Additionally, for the remaining counts of bribery, Appellant received seven years probation which was to run concurrently with the aforementioned sentences of imprisonment and which was conditioned upon restitution and payment of a fine. This is a direct appeal from the judgment of sentence. We affirm.

1. Section 903(a) states in pertinent part:
   (a) A person is guilty of conspiracy with another person ... to commit a crime if with the intent of promoting or facilitating its commission he:
      (1) agrees with such other person ... that they ... will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
      (2) agrees to aid such other person ... in the planning or commission of such crime ....

2. Section 4701(a)(3) states in pertinent part: "A person is guilty of bribery ... if he offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another any benefit as consideration for a violation of a known legal duty as public servant ...."

3. "[I]n order for defendant to have been found guilty of ... [bribery] it has to be proven at trial that he was: (1) a public servant; (2) ... agreed to accept money ...; and (3) in order to violate or forego the exercise of a legal duty or other exercise of discretion." *Commonwealth v. Goldbard*, 276 Pa.Super.Ct. 193, 197, 419 A.2d 161, 163 (1980).

Before this Court Appellant argues, alternatively, (a) that his prosecution was untimely; (b) that he was convicted under an unconstitutional statutory provision, and (c) that the court of common pleas abused its discretion in determining his sentence.

Appellant contends that his prosecution is barred by the time limitation of 18 Pa.C.S.A. § 108(c)(2) which, Appellant maintains, prevents prosecution for a crime more than three years after the crime was committed.

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded . . . ." 1 Pa.C.S.A. § 1921(b); *Commonwealth v. Mumma*, 489 Pa. 547, 414 A.2d 1026 (1980). "[T]he language of a statute must be construed according to common and approved usage, and where possible it should be interpreted in a manner so as to give effect to each and every provision of the Act." *Commonwealth v. Hill*, 481 Pa. 37, 42 n.6, 391 A.2d 1303, 1306 n.6 (1978); 1 Pa.C.S.A. § 1903.

Section 108(c)(2) of the Crimes Code states in pertinent part:

(c) If the period [for prosecution] prescribed in subsection (b) [five years within which to commence prosecution for certain offenses such as robbery; two years within which to commence prosecution of other offenses such as bribery] . . . has expired, a prosecution may nevertheless be commenced for:

. . . .

(2) Any offense committed by a public . . . employe in . . . connection with his . . . employment at any time when the defendant is in public . . . employment or within two years thereafter, *but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.*

(Emphasis added.)

Construing identical language found in Section 108(c)(1)[4] of the Crimes Code, a provision parallel to Section 108(c)(2),

4. Section 108(c)(1) states:

this Court determined that "under § 108(c)(1), a prosecution may be commenced *up to five years* from the commission of the crime . . . ." *Commonwealth v. Bidner*, 282 Pa.S; per.Ct. 100, 114, 422 A.2d 847, 854 (1980) (emphasis added), *appeal denied*, February 12, 1981; *Commonwealth v. Maleno*, 267 Pa.Super.Ct. 560, 407 A.2d 51 (1979). Moreover, in a footnote to *Commonwealth v. Bestwick*, 262 Pa.Super.Ct. 558, 569 n.5, 396 A.2d 1311, 1316 n.5 (1978), Judge Price interpreted Section 108(c)(2) as signifying "that the normal two-year statute of limitations [under 18 Pa.C.S. § 108(b)] may not be extended for more than an *additional three years* in the case of a public . . . employe committing an offense . . . in connection with, his office." (Emphasis added.) *See also Commonwealth v. Hawkins*, 295 Pa.Super.Ct. 429, 441 A.2d 1308 (1982).

Adopting Appellant's position would require this Court to construe the statutory phrase "in no case . . . *extend . . . by* more than three years" as being synonymous with "in no case . . . *extend . . . to* more than three years," contrary to the ordinary usage and meaning of the words. Furthermore, Appellant's interpretation of the statutory language would create a patently absurd result whereby certain offenses listed in Section 108(b) of the Crimes Code could be prosecuted within a period of five years from the date of their commission except where committed by a public officer or employe in which instances the time for prosecution would be restricted to a period within three years from the date of commission of the offenses. Such an interpretation conflicts with the introductory wording of Section 108(c)

(c) If the period [for prosectution] prescribed in subsection (b) [five years within which to commence prosecution for certain offenses such as robbery; two years within which to commence prosecution for other offenses such as bribery] . . . has expired, a prosecution may nevertheless be commenced for:

(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has legal duty to represent an aggrieved party and who is himself not a party to the offense, *but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.* (Emphasis added.)

which states that the exceptions contained in Section 108(c) may be utilized if the usual period for prosecution under Section 108(b), *i.e.*, either five years or two years depending upon the offense, has *expired.*

Therefore, because Appellant was duly prosecuted for offenses committed within five years of the commencement of the prosecution, Appellant's prosecution comported with the statutory time limitation of Section 108(c)(2) of the Crimes Code.

Next, Appellant asserts that 18 Pa.C.S.A. § 4701(a)(3) is unconstitutionally vague because its prohibition against a public servant's contravention of a "known legal duty" necessitates adherence to an indeterminable behavioral norm.

■■■ "[A] legislative enactment enjoys a presumption in favor of its constitutionality and will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. All doubts are to be resolved in favor of a finding of constitutionality." *Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 116, 394 A.2d 932, 937 (1978). Where, however, the language of a statute is so imprecise that it fails to provide adequate notice of which acts it purports to render unlawful, the statute does not satisfy the mandates of due process and is void for vagueness. *Commonwealth v. Bunting*, 284 Pa.Super.Ct. 444, 426 A.2d 130 (1981); *Commonwealth v. Jackson*, 281 Pa.Super.Ct. 310, 422 A.2d 184 (1980), *appeal denied*, March 13, 1981. But "when an ascertainable standard is present in a statute, the violator whose conduct falls clearly within the scope of such standard has no standing to complain of vagueness." *Id.*, 281 Pa.Superior Ct. at 316, 422 A.2d at 187.

■■ In the present case, over a four-year interval, Appellant, while a municipal employe, repeatedly and clandestinely accepted payments for facilitating the unlawful dumping of chemical wastes in city landfills. Appellant thereby acted in contravention of the requisites of Section 20–604(1) of

The Philadelphia Code [5] and Sections 401(a) [6] and 610(1) [7] of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, 35 P.S. § 6018.401(a) and 35 P.S. § 6018.610(1). Since The Philadelphia Code and the Solid Waste Management Act thus provided "meaning referents" [8] by which the behavioral standard of Section 4701(a)(3), *i.e.*, "legal duty," could be ascertained, Section 4701(a)(3) did not impose criminal responsibility where Appellant "could not reasonably understand that his contemplated conduct [was] proscribed."

5. Section 20–604(1) of The Philadelphia Code (1978) states in pertinent part: "No ... City ... employee, shall solicit, accept or receive any gift, loan, gratuity, favor or service of substantial economic value that might reasonably be expected to influence one in his position in the discharge of his official duties ...." Here, Appellant received more than $17,000 (seventeen thousand dollars) in bribes over a four-year span.

6. Section 401(a) declares in pertinent part: "No person ... shall ... dispose of hazardous waste within this Commonwealth unless such ... disposal is authorized by the rules and regulations of the [Department of Environmental Resources] ...."

7. Section 610(1) declares in pertinent part:
   It shall be unlawful for any person ... to:
   (1) Dump or deposit, or permit the dumping or depositing, of any solid waste onto the surface of the ground or underground or into the waters of the Commonwealth, by any means, unless a·permit for the dumping of such solid wastes has been obtained from the [Department of Environmental Resources] ...."

8. An examination of Section 240.1 of the Model Penal Code (1962), a provision similar to Section 4701(a)(3) of the Crimes Code, provides further clarification.
   Section 240.1(3) of the Model Penal Code states in pertinent part: "A person is guilty of bribery ... if he offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another any benefit as consideration for a violation of a known legal duty as public servant ...." [This language is identical to 18 Pa.C.S.A. § 4701(a)(3).]
   American Law Institute Comment 8 to Section 240.0 (1980), at page 35, states:
   The phrase 'legal duty' ... is intended to be interpreted broadly to apply to any specific and clearly delineated obligation of a public servant .... *Possible sources of such a duty include* the state constitution, *statutes, administrative regulations,* executive orders, and developed traditions concerning performance of official functions. The breadth of this concept is limited by the requirement that the duty exist at law and ... that the actor know of the duty and that the contemplated action would constitute a violation of it.

*United States v. National Dairy Products Corp.*, 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–98, 9 L.Ed.2d 561 (1963).

Moreover, "the specificity of a statute must be measured against the conduct in which the party challenging the statute has engaged." *Commonwealth v. Jackson*, 281 Pa. Super.Ct. at 315–16, 422 A.2d at 186. Here, Appellant's supervisor testified that he advised Appellant (a) to prevent private dumping at city landfills, (b) to permit only government vehicles to dump at city landfills, and (c) to report any unauthorized dumping at city landfills. Despite these instructions from his supervisor, Appellant, for remuneration, not only allowed successive, unauthorized deposits of chemical company wastes at city landfills but also assisted in concealing the illegal deposits by using a bulldozer to cover the wastes. Appellant further aided the unauthorized dumpings through conspiratorial acts whereby Appellant shared his dishonest profits with other municipal employes to prevent their reporting the illegal dumpings. Thus, Appellant knowingly violated his public duty. *See Commonwealth v. Weselyk*, 268 Pa.Super.Ct. 569, 408 A.2d 1149 (1979), *appeal denied*, February 13, 1980, which also concerned Section 4701(a)(3).

■ Finally, Appellant argues that the court of common pleas abused its discretion by not conforming Appellant's sentence to the sentencing guidelines of 42 Pa.C.S.A. § 9721 (sentencing alternatives) and 42 Pa.C.S.A. § 9722 (probation). Specifically, Appellant argues that he should have received a sentence of probation and not of confinement.[9]

"Imposition of a proper sentence under the Sentencing Code . . . is a matter vested in the sound discretion of the trial court, whose determination will not be disturbed on

9. Although Appellant did not file a motion to modify sentence pursuant to Pa.R.Crim.P. 1410, we will review Appellant's argument on sentencing because the court of common pleas did not advise Appellant on the record of his right to file such a motion with the aid of counsel within ten days of the imposition of sentence, Pa.R.Crim.P. 1405(c)(2)–1405(c)(5); *Commonwealth v. Rush*, 281 Pa.Super.Ct. 92, 421 A.2d 1163 (1980), and because the Commonwealth did not show that Appellant knowingly and voluntarily waived his right to file the motion. *Rush.*

appeal but for a manifest abuse of discretion." *Commonwealth v. Landi*, 280 Pa.Super.Ct. 134, 138, 421 A.2d 442, 443 (1980); 42 Pa.C.S.A. § 9781. "Generally, the imposition of a sentence . . . is left undisturbed on appeal because the trial court is in a better position to weigh the factors involved in this determination. . . ." *Commonwealth v. Bromund*, 278 Pa.Super.Ct. 189, 201, 420 A.2d 493, 499 (1980).

> The judge must . . . state on the record the reasons for the sentences imposed . . . . This statement of reasons must show that . . . the judge attached weight to the factors set forth in the statutory guidelines for sentencing, and carefully considered the facts concerning the circumstances of the offense and the character of the defendant.

*Commonwealth v. Maxwell*, 280 Pa.Super.Ct. 235, 243, 421 A.2d 699, 703 (1980); 42 Pa.C.S.A. § 9721; *Commonwealth v. Kraft*, 294 Pa.Super.Ct. 599, 440 A.2d 627 (1982).

■ In this case the court of common pleas received a presentence report and heard extensive testimony regarding the type of sentence suitable for Appellant. The judge stated on the record that in computing Appellant's sentence he had considered myriad factors including Appellant's role in the bribery schemes, the gravity of the offenses, the roles of other individuals in the bribery schemes, the repetitive nature of the offenses, Appellant's age and health, Appellant's financial resources and responsibilities, Appellant's failure to demonstrate contrition by not offering to make restitution at the earliest possible moment, Appellant's educational background, Appellant's familial obligations, and the serious need to deter breaches of the public trust. *See Kraft.*

As in *Weselyk*, "[t]he court below found that imprisonment was not needed for rehabilitative or custodial purposes, but was justified because of appellant's breach of the public trust. It is well-settled that the seriousness of an offense may itself justify incarceration rather than probation." *Id.,* 268 Pa.Super. at 572, 408 A.2d at 1150–51. Furthermore, since the judge imposed probation for some of the charges

against Appellant, the judge was cognizant of the sentencing guidelines underlying an award of probation and did not ignore probation as an alternative sentence. *Kraft.*

Therefore, we affirm the judgment of sentence of the court of common pleas.