## Commonwealth v. McKinley

C.P. of Crawford County, no. CR 690-2006.

*Douglas W. Ferguson,* for Commonwealth.
*Gary M. Alizzeo,* for defendant.

SPATARO, *J.,* February 2, 2010—We now address petitioner's amended petition for post-conviction collateral relief following an evidentiary hearing. As part of a plea deal with the Commonwealth, the petitioner, Deborah McKinley, plead guilty to eight counts of theft by unlawful taking, 18 Pa.C.S. §3921(a), and agreed to pay $850,000 in restitution. She was sentenced on April 10, 2007. Petitioner filed a motion for reconsideration of her sentence, and an amended motion for reconsideration of her sentence, both of which were denied. Petitioner filed a timely appeal to the Superior Court of Pennsylvania, arguing that her sentence was excessive, and on February 22, 2008, the Superior Court affirmed this court's sentence. Petitioner filed a pro se petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied. On February 20, 2009, petitioner filed a pro se petition for post-conviction

collateral relief, followed by an amended petition of the same filed by appointed counsel, Daniel A. Durst, on May 15, 2009.

This court held a rule to show cause hearing and subsequently scheduled an evidentiary hearing in its order of September 2, 2009, where we narrowed the issue to be addressed to the following:

"Whether petitioner's trial counsel, M. Dan Mason, Esquire, was ineffective for allegedly failing to take into account the possible application of the statute of limitations and failing to discuss the timeliness of the charges with petitioner?"

Petitioner argues that her plea was invalid because the statute of limitations defense was waived without petitioner's consent. Petitioner seeks an order vacating her sentence due to ineffectiveness of counsel and to be resentenced, or have an order entered vacating her sentence with respect to Counts I and II in the criminal information; neither of which are remedies allowed by the Post Conviction Relief Act. 42 Pa.C.S. §9541 et seq.

In order to obtain post-conviction collateral relief, a petitioner must demonstrate by a preponderance of the evidence, the following:

"(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

"(i) Currently serving a sentence of imprisonment, probation or parole for the crime; . . .

"(2) That the conviction or sentence resulted from one or more of the following: . . .

"(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. . . .

"(3) That the allegation of error has not been previously litigated or waived.

"(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S. §9543.

To prevail on this claim of ineffective assistance of counsel, the petitioner must be able to overcome the presumption that counsel was competent by showing that:

"(1) [petitioner's] claim is of arguable merit;

"(2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate [her] interests; and

"(3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." *Commonwealth v. Hammond,* 953 A.2d 544, 556 (Pa. Super. 2008).

Petitioner's failure to satisfy any one of the three prongs of this test requires that the claim for ineffective assistance of counsel be rejected. *Hammond,* 953 A.2d at 556. The Pennsylvania Superior Court has discussed ineffective assistance of counsel in the context of entering a plea as follows:

" 'A criminal defendant has the right to effective counsel during a plea process as well as during trial.' *Com-*

*monwealth v. Hickman,* 799 A.2d 136, 141 (Pa. Super. 2002). 'The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]' *Commonwealth v. Diaz,* 913 A.2d 871, 873 (Pa. Super. 2006). (citation omitted) Instead, 'the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.' *Commonwealth v. Morrison,* 878 A.2d 102, 105 (Pa. Super. 2005). 'The voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.' *Commonwealth v. Lynch,* 820 A.2d 728, 732 (Pa. Super. 2003). (citation omitted) Therefore, '[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.' *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582, 587 (1999)." *Commonwealth v. Bedell,* 954 A.2d 1209, 1212 (Pa. Super. 2008).

Furthermore, in order for petitioner to show that she was prejudiced, it must be demonstrated that it is "reasonably probable that, but for counsel's errors, [s]he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa. Super. 2002), citing *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Petitioner claims that her plea was unknowing because her trial counsel failed to discuss the timeliness of the charges with her and did not inform her that two of the counts she was pleading to were barred by the statute of

limitations. Petitioner's charges arose from the embezzlement of funds from the personal care home, Quality Living Center of Crawford County, where she was employed. The Quality Living Center is a non-profit corporation that provides a residence to low-income citizens, primarily senior citizens, who require care in an assisted living facility. Between the years of 1999 and 2006, petitioner embezzled money from the operating funds of the facility, and personal allowance accounts of the residents, while destroying and altering records to cover up her activities. Petitioner was estimated to have embezzled over $1,000,000 from the Quality Living Center during the course of her employment.

Petitioner was arrested and charged with nine counts of theft by unlawful taking, two counts of forgery, two counts of tampering with records, and two counts of state income tax evasion. Her counsel at the time, Attorney M. Dan Mason, successfully negotiated a plea bargain with the Commonwealth where petitioner was only required to plead to eight counts of theft by unlawful taking and pay restitution of $850,000. Assistant District Attorney Ferguson stated that this plea bargain came as a result of extensive negotiations between Attorney Mason and the Commonwealth. A lengthy plea colloquy was undertaken and petitioner pleaded guilty to eight counts of theft by unlawful taking.

In determining whether Attorney Mason was ineffective in counseling the petitioner during the plea process, we must first analyze whether a challenge to the timeliness of Counts I and II would have had arguable merit. Count I in the criminal information filed against peti-

tioner was a charge for theft by unlawful taking, 18 Pa.C.S. §3921(a), for actions undertaken by the petitioner during the time period of January 1, 1999 to December 31, 1999. Count II in the criminal information filed against petitioner was a charge for theft by unlawful taking, 18 Pa.C.S. §3921(a), for actions undertaken by the petitioner during the time period of January 1, 2000 to December 31, 2000. Charges were filed against the petitioner on August 1, 2006.

The statute of limitations for prosecution of theft by unlawful taking can be found at 42 Pa.C.S. §5552(b)(1), which reads in pertinent part as follows:

"*(b) Major offenses.*—A prosecution for any of the following offenses must be commenced within five years after it is committed:

"(1) Under the following provisions of Title 18 (relating to crimes and offenses): . . .

"Section 3921 (relating to theft by unlawful taking or disposition) through section 3933 (relating to unlawful use of computer)." 42 Pa.C.S. §5552(b)(1).

Counts I and II in the criminal information filed against petitioner designate that the crimes of theft by unlawful taking committed by petitioner between 1999 and 2000 occurred more than five years before prosecution had commenced; therefore, these two charges were barred by the statute of limitations unless an exception to the five-year time limitation applied. Attorney Mason testified at the evidentiary hearing that he evaluated all defenses in the petitioner's case, and as a matter of course,

always looks to see if there is a statute of limitations defense when reviewing a criminal information. Attorney Mason assumed that the statute of limitations was not a defense because the exceptions to the statute applied.

The exceptions reviewed by Attorney Mason were as follows:

"*(c) Exceptions.*—If the period prescribed in subsection (a), (b) or (b.1) has expired, a prosecution may nevertheless be commenced for:

"(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

"(2) Any offense committed by a public officer or employee in the course of or in connection with his office or employment at any time when the defendant is in public office or employment or within five years thereafter, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than eight years." 42 Pa.C.S. §5552(c).

Theft by unlawful taking does not possess a material element to the crime involving either fraud or a breach of fiduciary obligation, so it is clear that the first exception does not apply. The second exception involving an offense committed by a public officer or employee does

not apply either, but we arrive at this conclusion only after a more detailed analysis. The Quality Living Center of Crawford County is a private non-profit organization; therefore, petitioner was not a public employee. Attorney Mason interpreted this statutory section to read that the exception applies to public officers and employees—both public and private—and not just to public employees. Attorney Mason testified that he informed the petitioner that pleading guilty waives any available defenses, but did not recall discussing the statute of limitations defense with the petitioner because he did not think it was applicable due to the exceptions.

Petitioner argues that it was not reasonable to interpret the exceptions to the statute of limitations to include private employees because the clear reading of the statute is that public applies to both officers and employees. The disjunctive "or" in the phrase, "offense committed by a public officer or employee," found in section 5552(c) (2), *supra,* appears to be the basis for the confusion; however, it is clear from a brief look into the time limitations statutes that the extension of time for prosecution involves public officers or public employees, and not employees in general, both public and private. Section 5552, *supra,* dealing with time limitations for prosecutions, is derived from a prior version of section 108 in the Pennsylvania Crimes Code at 18 Pa.C.S. §108, which defined time limitations for prosecutions. Section 108 has been amended and now reads "[e]xcept as set forth in subsection (b), a prosecution for any offense under this title must be commenced within the period, if any, limited by Chapter 55 of Title 42 (relating to limitation of time)." 18 Pa.C.S. §108(a).

The Official Comment—1972, providing historical context to section 108 of the Pennsylvania Crimes Code, discusses the subsection dealing with time limitations for public officers and public employees, and reads as follows:

"*Subsection (c)(2):* This subsection changes the existing limitations statute which provides that in cases of offenses by public officers, the prosecution may be commenced within two years after the officer or *public employe* leaves office or *public employment,* but in no event more than six years from the time of the commission of the offense. Act of 1860, March 31, P.L. 427, §77, as amended 1939, April 6, P.L. 17, §1 (19 P.S. §211) [42 Pa.C.S. §§5551-5553]." 18 Pa.C.S. §108, Official Comment—1972. (emphasis added)

The exceptions dealing with public officers and employees in the old version of 18 Pa.C.S. §108(c)(2), and the current time limitations exceptions for the same in 42 Pa.C.S. §5552(c)(2), are almost identical in language, with the only difference being the number of years within which the prosecution may be commenced. The language involving a public officer or employee is the same, and the Superior Court stated that the statute of limitations may be extended an additional period of time in cases where a public employee commits an offense in connection with his office when discussing the old version of section 108(c)(2). *Commonwealth v. Walker,* 298 Pa. Super. 387, 391-92, 444 A.2d 1228, 1230 (1982).

It is apparent that the tolling provisions for the statute of limitations for theft by unlawful taking would not have applied in petitioner's case because she was not a public

officer or public employee acting in connection with her employment when she committed these offenses. Attorney Mason's testimony at the evidentiary hearing regarding his decision not to challenge the timeliness of Counts I and II, nor discuss the statute of limitations with the petitioner because he believed the tolling provisions applied, demonstrates that there is arguable merit to the claim that petitioner's counsel was ineffective for failing to raise and discuss the statute of limitations with her. Moreover, Attorney Mason's testimony did not indicate that he decided to waive the statute of limitations defense based upon some reasonable strategy involving plea negotiations, but instead because he believed the exceptions applied to the time limitations. However, petitioner must still establish that she has been prejudiced by her counsel's errors, and but for these errors, she would have gone to trial. *Hickman,* 799 A.2d at 141.

Attorney Mason represented petitioner prior to the charges ever being filed against her, and he gave her legal advice during the period of time when the investigation into her embezzlement was just beginning. Attorney Mason talked to the investigating officers on behalf of the petitioner, and was present when the petitioner decided to admit to the police that she had stolen money from the Quality Living Center from 1999 to 2006. Attorney Mason was able to reach a plea agreement with the Commonwealth, after extensive negotiations, where the petitioner would only plead to eight counts, and the remaining seven counts were to be nolle prossed. Attorney Mason also negotiated down the amount of restitution petitioner owed. Petitioner never expressed

her innocence at any time and never denied taking money from her employer from 1999 to 2006.

Petitioner never expressed any dissatisfaction with Attorney Mason and looked to him for support throughout the entire process. Petitioner only expressed being disappointed with her sentence because this court sentenced her in the aggravated range. At the PCRA evidentiary hearing, petitioner testified that she did not recall discussing the charges as being untimely, and she testified that if Attorney Mason had told her that two of the counts were untimely, she would not have plead guilty to those two charges. The relief petitioner seeks in her pro se PRCA petition and her amended PCRA petition is some form of a corrected sentence. Petitioner received the benefit of her bargain when she entered her plea, and is now attempting to renege on a plea that was based upon extensive negotiations made in good faith. Petitioner has never stated or established that she would have gone to trial if not for her counsel's errors, she has only stated that she is unhappy with her sentence and wishes to be resentenced after a challenge to the timeliness of Counts I and II; however, such relief cannot be granted because she entered into a plea bargain after extensive negotiations and cannot withdraw her plea as to only Counts I and II and then be resentenced.

We also observe that the relief requested by petitioner is patently unfair to the Commonwealth. Petitioner wants her sentence vacated as to the two counts that implicate the statute of limitations, while either letting the sentence for the remaining six counts stand or appearing again before this court to be resentenced on only the remaining

six counts. Petitioner seeks to cherry pick those features of her plea deal that she likes while discarding the others. The PCRA court has the following authority:

"*Section 9546. Relief and order.*

"*(a) General rule.*—If the court rules in favor of the petitioner, it shall order appropriate relief and issue supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that are necessary and proper." 42 Pa.C.S. §9546(a).

Although the PCRA court has relatively broad authority to provide relief, the relief must be fair to both the petitioner and the Commonwealth. The Commonwealth negotiated a plea agreement in good faith, which included seven counts being nolle prossed and a significant reduction in the amount of restitution. Neither of the attorneys raised the issue of the statute of limitations at the time of the plea or during the sentencing hearing.[1] Issues relating to the statute of limitations may be waived. See *Commonwealth v. Stover,* 372 Pa. Super. 35, 538 A.2d 1336 (1988), *appeal denied,* 520 Pa. 604, 553 A.2d 967 (1988). Therefore, the sentence imposed for the two counts that involve the statute of limitations is a legal sentence. If the sentence had been illegal, then the court would be permitted to afford relief in the form of a new

---

1. The Commonwealth's failure to acknowledge this issue was most likely due in part to the belief that the public employee exception applied to private employees as well, which can be surmised from Assistant District Attorney Ferguson's argument at the PCRA evidentiary hearing that the tolling exception was applicable in petitioner's case.

sentencing hearing, or employ some other methodology to correct the illegality. *Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa. Super. 1999). No such remedy is available for a legal sentence that was imposed upon a conviction that involved a waivable defense.

Realistically, the only fair relief that the PCRA court could impose would be to vacate the sentence order in its entirety, along with petitioner's pleas to all eight counts and restore for the prosecution all of the nolle prossed counts, *i.e.,* return the matter to the way things were before the plea. Petitioner has not asked for such relief; most likely because she faces a high likelihood of conviction and could end up worse off than she is now. Moreover, because petitioner never requested such relief, the court cannot award such relief sua sponte, for to do so would undermine the Commonwealth's right to have the court consider whether the Commonwealth is prejudiced by the delay that would result from such a grant of relief. See 42 Pa.C.S. §9543(b).

We find that petitioner has not established that she has been prejudiced by her counsel's failure to challenge the timeliness of Counts I and II. The petitioner was faced with 15 total counts, 11 of which were felony charges, and was only required to plead to eight of those counts. Petitioner admitted that she committed these crimes to the police during their investigation, and has never expressed her innocence or expressed a desire to go to trial. Withdrawing her plea, a plea negotiated in good faith and accepted by petitioner voluntarily will not benefit the petitioner in any manner. Prejudice cannot be established by arguing that she would like to withdraw

her plea so she can renegotiate a new plea deal, especially considering that the likelihood of receiving such a favorable plea bargain from the Commonwealth, or a reduced sentence, is very unlikely. Unhappiness with the length of sentence received from a plea entered in good faith is not a basis to claim prejudice, and couching such dissatisfaction with her sentence in the context of an ineffectiveness claim is meritless.

Accordingly, for the reasons set forth in this memorandum, we now enter the following order:

## ORDER

And now, February 2, 2010, we find and order as follows:

(1) The petitioner's amended petition for post-collateral relief is denied.

(2) The grounds for denying relief are those presented in the attached memorandum.

(3) The petitioner is hereby notified that she has a right to file an appeal of this order, denying her second amended petition, with the Superior Court. Any such appeal must be filed within 30 days from this date.

(4) The clerk of courts shall send a true and correct copy of this memorandum and order to the petitioner at her last known address and to PCRA counsel, Daniel A. Durst, both by regular mail, postage prepaid and by certified mail, return receipt requested.