457 A.2d 970

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**George CLARKE.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James BANKS a/k/a Mobley.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1982.

Filed March 18, 1983.

Mark Stuart Gurevitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Leo H. Loffel, Philadelphia, for appellees.

Before BROSKY, McEWEN and WATKINS, JJ.

WATKINS, Judge:

In these consolidated appeals by the Commonwealth it is contended that the orders entered by the court of Common Pleas of Philadelphia County discharging the defendants from charges of conspiracy (18 Pa.C.S.A. § 903) and bribery

in official and political matters (18 Pa.C.S.A. § 4701) for failure to establish a prima facie case at the preliminary hearing was error.

The defendants, George Clarke and James Banks, are the owner and manager of the Thomas Jefferson Democratic Club in West Philadelphia, a private club under the provisions of the Pennsylvania Liquor Code. They were arrested on the charge of conspiracy to bribe and five counts of bribery of a Philadelphia police sergeant to ignore after-hour sales of alcoholic beverages at the club beyond the 3 A.M. limit set forth by the law.

■ After a preliminary hearing before Judge J. Earl Simmons of the Municipal Court of Philadelphia County, the defendants were discharged for lack of a prima facie case. On appeal to, the Court of Common Pleas by way of rearrest, a second preliminary hearing was held before Honorable Edward J. Blake, the Criminal Motions Judge, who also determined that a prima facie case was not established by the Commonwealth. Rearrest was the appropriate procedure for the Commonwealth. *Commonwealth v. Mirarchi*, 481 Pa. 385, 392 A.2d 1346 (1978).

The Commonwealth's evidence at the rearrest preliminary hearing was as follows: Sergeant James McDonald testified that when working the morning tour it was his duty to insure that no alcoholic beverages were sold or other Liquor Code violations committed after the 3:00 A.M. deadline at the club. On August 4, 1980, Banks told him that "he was hurting and he needed more time to operate the club to make money." Berks then introduced him to Clarke, who told the officer he would take care of him for "extra time". When McDonald arrived at the club the next day at 3:20 A.M., he was given $25.00, the defendant saying they appreciated the extra time. On four separate occasions in the following weeks when McDonald came to the club after 3:00 A.M., one or the other of the defendants gave him cash totally $125.00 and thanked him for the time. McDonald also testified that during this time period from August 4, 1980 to September 24, 1980, he observed illegal sales after

3:00 A.M. which he believed to be alcoholic beverages although he never investigated to determine that they were actually alcoholic in nature.

■ The proof that defendants offered and then tendered consideration to the officer for overlooking the after-hour sales was more than sufficient to meet the Commonwealth's burden to establish a prima facie case at the preliminary hearing.

The offense of bribery is defined in the Crimes Code as follows:

"Bribery in Official and Political Matters.

(a) Offense defined.—A person is guilty of bribery, a felony of the third degree, if he offers, confers, or agrees to confer upon another, or solicits, accepts or agrees to accept from another:

\*    \*    \*    \*    \*    \*

(3) any benefit as consideration for a violation of a known legal duty as public servant or party official." 18 Pa.C.S.A. § 4701(a)(3).

■ The crime of bribery is committed once the offer is made to confer a benefit or when the benefit, as here, is conferred, on a public official to cause that official to violate his legal duty. Under the section of the Crimes Code proscribing bribery in official and political matters, once the offer to confer the proscribed benefit, or once an agreement is made, the crime is complete. There need be no waiting for the benefit to actually be conferred. See *Commonwealth v. Ohle,* 291 Pa.Superior Ct. 110, 435 A.2d 592, 596 (1981). See also, *Commonwealth v. Weselyk,* 268 Pa.Superior Ct. 569, 408 A.2d 1149 (1979).

It should also be noted that the defendants indicated to the officer that they needed time beyond the legal limit to make money and paid the officer $125.00 over a seven week period to motivate him not to investigate Liquor Code violations. The money was clearly paid to cause him not to perform required investigatory functions. Here the Commonwealth's evidence unequivocally demonstrated that the

accused actually conferred a benefit for the improper use of the officer's duty as a public servant. *Commonwealth v. Lynch*, 270 Pa.Superior Ct. 554, 411 A.2d 1224 (1979); *Commonwealth v. Kelly*, 245 Pa.Superior Ct. 351, 369 A.2d 438 (1976) and *Commonwealth v. Weselyk*, supra.

The conduct of the defendants in this case falls within the acts intended to be proscribed by the Bribery Statute, and are sufficient to establish a prima facie case. If sufficient for the crime of bribery, it also follows they are sufficient for the crime of conspiracy.

The orders of the court below are reversed and the case remanded so that the defendants may be held for trial.