580 A.2d 314

**COMMONWEALTH of Pennsylvania**

v.

**Harvey E. SCHAUFFLER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 11, 1989.

Filed Jan. 19, 1990.

Reargument Denied March 23, 1990.

Petition for Allowance of Appeal
Denied Oct. 17, 1990.

312

Kingsley A. Jarvis, Norristown, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge:

Harvey E. Schauffler, Jr., a lawyer, was tried nonjury and was found guilty of bribery in official and political matters in violation of 18 Pa.C.S. § 4701(a)(3) and criminal conspiracy in violation of 18 Pa.C.S. § 903(a)(1). He was sentenced the same day to pay a fine of five thousand ($5,000.00) dollars and was placed on probation for concurrent terms of five years each. Post-trial motions were filed within ten days thereafter and were denied one hundred and nine (109) days after sentence had been imposed. Within thirty days after the denial of his post-trial motions, Schauffler filed a direct appeal to the Superior Court.

■ Because of the unusual procedural course which this action took, we must first determine whether this Court has jurisdiction to hear the appeal. A direct appeal in a criminal matter, as a general rule, may only be taken from the judgment of sentence. *Commonwealth v. Hurst*, 367 Pa. Super. 214, 532 A.2d 865 (1987); *Commonwealth v. Rea-*

*gan,* 330 Pa.Super. 417, 479 A.2d 621 (1984). Moreover, an appeal must be filed within thirty (30) days after sentence has been imposed. Pa.R.A.P. 903(a). In this case, Schauffler was found guilty on June 10, 1988, and sentence was imposed the same day. Post-trial motions filed within ten days thereafter were not decided until September 12, 1988, and an appeal was filed on September 27, 1988. It is readily apparent that this appeal was not filed within thirty (30) days after sentencing.

 We conclude that the appeal was nevertheless proper. The trial court should not have imposed sentence prior to the filing and disposition of defendant's post-trial motions. The practice followed in this case has been condemned because it is in violation of established procedural law. *Commonwealth v. Shinn,* 368 Pa.Super. 436, 439 n. 1, 534 A.2d 515, 516 n. 1 (1987); *Commonwealth v. Hurst, supra; Commonwealth v. Eliason,* 353 Pa.Super. 321, 323, 509 A.2d 1296, 1297 (1986). The proper procedure is to allow the defendant a period of ten days within which to file a motion for post-trial relief and to delay sentencing until the motion, if filed, has been decided. *Commonwealth v. Shinn, supra; Commonwealth v. Pringle,* 304 Pa.Super. 67, 75 n. 1, 450 A.2d 103, 107 n. 1 (1982). Because the trial court did not follow this procedure, we will not quash the defendant's appeal but will entertain it and dispose of it on the merits.

Section 4701(a)(3) of the Crimes Code, 18 Pa.C.S. § 4701(a)(3), provides that "a person is guilty of bribery, a felony of the third degree, if he offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another ... any benefit as consideration for a violation of a known legal duty as public servant or party official."

The evidence, read in a light most favorable to the Commonwealth, showed that appellant was counsel for William Greco, who had been charged with driving while under the influence of alcohol. During a conversation with Ernest Lakovic, the arresting police officer, immediately prior to

the preliminary hearing, appellant said that Greco "had a couple thousand dollars to spread around between you and the squire." Lakovic interpreted this as an offer for a bribe and went to the District Attorney. When Lakovic thereafter met with appellant and his client, Lakovic was wearing a body wire. As soon as Greco handed Lakovic cash in the amount of $1,000.00, police moved in and placed appellant under arrest.

■ Appellant contends that the evidence failed to show a violation of 18 Pa.C.S. § 4701(a)(3) because Lakovic was merely a witness against him and not a public servant performing a government function. He relies on 18 Pa.C.S. § 4501, which defines public servant as "any officer or employee of government, including members of the General Assembly and judges, and any person participating as juror, advisor, consultant or otherwise, in performing a governmental function; but the term does not include witnesses." If there was to be a prosecution for offering a bribe to a witness, he contends, it should have been brought under 18 Pa.C.S. § 4952, which makes it a crime to tamper with witnesses.

Officer Lakovic, however, was more than a mere witness. He was also the arresting and prosecuting officer; it was he who had initiated the prosecution by filing a formal complaint and who was responsible for any continuing investigation. These were duties imposed by law. When one thousand dollars was paid to Lakovic, the trier of the facts could find, the money was paid because Lakovic was the arresting officer and in an attempt to influence him in the performance of his official duties as prosecuting officer. As a public servant involved in a criminal action in his official capacity, Lakovic was not divested of his status as a public servant because his duties required that he give testimony against the offender. A witness has been excluded from the definition of "public servant" in order to establish that the role of "witness" does not convert a citizen to a public servant. It was not the intent of the legislature to change the status of a public servant merely

because his duties require that he become a witness in a criminal prosecution.

Appellant's argument that Lakovic had no duty to "continue the prosecution" because, after the prosecution had been commenced, he became merely a witness is lacking in merit. Lakovic's duties required him not only to testify at the preliminary hearing but to continue investigating the offense as necessary and to provide information to the prosecuting attorney. In *Commonwealth v. Clarke*, 311 Pa.Super. 446, 457 A.2d 970 (1983), the Superior Court held that the duty of a police officer to perform an investigatory function was a known legal duty. Therefore, to pay a police officer to overlook the after-hour sales of alcohol at a night club was a violation of 18 Pa.C.S. § 4701(a)(3). Cf. *Commonwealth v. Taraschi*, 327 Pa.Super. 179, 475 A.2d 744 (1984) (conspiracy to bribe local police officers to overlook illegal gambling and zoning violations). It is as much a violation of the bribery section of the statute to offer money to a police officer to discontinue a prosecution as it is to offer money to a police officer to refrain from initiating the prosecution.

■ We also reject appellant's argument that there was no quid pro quo or agreed upon exchange for the payment of money to Officer Lakovic. The comment to section 240.1 of the Model Penal Code, the section from which 18 Pa.C.S. § 4701 was derived, observes that the offense does not require a bilateral agreement in which there has been a meeting of the minds. Rather,

"[i]t is sufficient if the actor believes that he has agreed to confer or agreed to accept a benefit for the proscribed purpose, regardless of whether the other party actually accepts the bargain in any contract sense.... The evils of bribery are fully manifested by the actor who *believes* that he is conferring a benefit in exchange for official action, no matter how the recipient views the transaction.... Each defendant should be judged by what he thought he was doing and what he meant to do, not by

how his actions were received by the other party." (emphasis in original).

Appellant's reliance on the decision in *Commonwealth v. Lynch*, 270 Pa.Super. 554, 411 A.2d 1224 (1979) is misplaced. In the first place, the lead opinion in *Lynch* failed to gather a majority and, therefore, is not precedential. More importantly, *Lynch* is factually distinguishable from the instant case. There, the defendants were state officers to whom statements had been made that money was available in connection with obtaining an admission to dental school. A guilty finding was reversed on appeal because there had been no evidence that the public officials had "solicited, accepted, or agreed to accept" any money for their efforts on behalf of the applicant. In the instant case, appellant not only offered but also facilitated the actual payment of money to the arresting officer, and the trial court, as the trier of the fact, could find that the money was offered and paid in exchange for an expected "fixing" or termination of the prosecution.

During the taped conversation, appellant first asked Lakovic if he was "wired." The men then discussed Lakovic's relationship with the District Attorney and the District Justice and what Lakovic could do to help Greco. Appellant wrote the figure 800 on a pad and held it out to Lakovic, who reminded appellant that he had previously offered a thousand dollars. Appellant then crossed out the figure which he had written and wrote 1000 on the pad. This amount was then paid to Lakovic.

The trial court concluded that this evidence, considered with appellant's prior remark that his client had money to "spread around," established inescapably that appellant had offered money for the purpose of inducing Lakovic to violate his duty as a public official in the prosecution of Greco for driving while under the influence of alcohol. There is, in this record, no basis for disturbing the trial court's finding.

▆▆▆ Appellant's contention that a fatal variance exists between the averments of the information and the Commonwealth's proof at trial must also fail. A variance between the information and the proof at trial "is not fatal unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof or impairs a substantial right." *Commonwealth v. Ohle*, 503 Pa. 566, 589, 470 A.2d 61, 73 (1983), quoting *Commonwealth v. Pope*, 455 Pa. 384, 391, 317 A.2d 887, 890 (1974). In the instant case, the first count of the information alleged that appellant

offered, conferred or agreed to confer upon Police Officer Ernest Lakovic, a benefit, namely, $1,000.00, as consideration for recipient's violation of a known legal duty, namely, continuing the prosecution of William Greco for driving under the influence of alcohol, said recipient acting as a police officer for Elizabeth Township Police Department, in violation of Section 4701(a)(3) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. § 4701(a)(3).

The term "continuing" was used in the manner in which a layman would use it, meaning "to be steadfast or constant" in the prosecution and not in the legal sense of delaying by postponement. The Commonwealth's proof was consistent and not at variance with this averment of the information.

▆▆▆ Appellant next contends that he was entrapped by Officer Lakovic. The defense of entrapment is defined at 18 Pa.C.S. § 313, in pertinent part, as follows:

(a) A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either: (1).... or (2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it."

(b) Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of evidence that his conduct occurred in response to an entrapment.

This rule adopts an objective standard. It focuses on police conduct and tactics rather than upon a defendant's predisposition to commit the criminal act. *Commonwealth v. Weiskerger*, 520 Pa. 305, 554 A.2d 10 (1989); *Commonwealth v. Lindenmuth*, 381 Pa.Super. 398, 554 A.2d 62 (1989). "In order to succeed on the defense of entrapment, it must be shown that police conduct would have induced an innocent person to commit [the] crime." *Commonwealth v. Wilson*, 381 Pa.Super. 253, 258, 553 A.2d 452, 454 (1989), quoting *Commonwealth v. Stokes*, 264 Pa.Super. 515, 518, 400 A.2d 204, 206 (1979).

■ In this case, it was appellant who first suggested that his client had money to "spread around," to which Lakovic replied that appellant "[had] to be kidding" and walked away. At this point in time, Lakovic had done nothing to induce appellant to commit a crime. After Lakovic had related the incident to the District Attorney, he again spoke with appellant and apologized for his earlier conduct. This conduct by a policeman was not outrageous; it was not calculated to induce an innocent person to offer a bribe. "Merely affording opportunities or facilities for the commissionof a crime by one who already [has] the criminal intent to engage in such a crime does not defeat the prosecution." *Commonwealth v. Lee*, 262 Pa.Super. 218, 221, 396 A.2d 724, 725 (1978). See also: *Commonwealth v. Loccisano*, 243 Pa.Super. 522, 366 A.2d 276 (1976). Here, appellant did not establish entrapment as a matter of law. His defense was properly an issue for the trier of the fact, who chose to reject it. The record discloses no basis for disturbing the trial court's finding.

■ Finally, appellant argues that his trial counsel was constitutionally ineffective. The law presumes that counsel was effective; and, therefore, the burden is on a convicted defendant to prove that his counsel was ineffec-

tive. *Commonwealth v. Floyd*, 506 Pa. 85, 484 A.2d 365 (1984). In determining the effectiveness of counsel, we examine first the underlying claim to see if it has arguable merit. If so, we next determine whether counsel's action or failure to act was reasonably calculated to serve his client's interest. Finally, "even if counsel's performance is determined to have had no reasonable basis, the defendant must also demonstrate that the ineffectiveness caused actual prejudice to him in the outcome of the proceedings." *Commonwealth v. Sparks*, 372 Pa.Super. 463, 465, 539 A.2d 887, 888 (1988). See: *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

Appellant contends that counsel's misunderstanding of the bribery section of the Crimes Code caused him to adopt a strategy by which he attempted to show the absence of an agreement and, therefore, did not attempt to keep the trial court from hearing the taped conversation between Lakovic and himself. There is no substantive merit in this claim. The Commonwealth did not prove the conversation by a transcript of the recorded conversation but by the taped conversation itself. After the taped conversation had been properly identified and authenticated by Lakovic, it became admissible in evidence. It was not excludable under the best evidence rule. Cf. *Commonwealth v. Voci*, 393 Pa. 404, 143 A.2d 652 (1958); *Durkin v. Equine Clinics, Inc.*, 313 Pa.Super. 75, 459 A.2d 417 (1983).

We also find nothing in counsel's trial strategy that was so unreasonable as to require a new trial. The Commonwealth's evidence against appellant was fairly strong, and his counsel cannot be faulted for advancing a technical defense based on a strict interpretation of the bribery and entrapment sections of the Crimes Code. Indeed, appellant is unable to suggest a defense which could reasonably be expected to have been more successful.

Finally, appellant has inserted in his brief a paragraph in which he contends that the trial court erred in disallowing a question asked of Lakovic regarding his re-

ceipt of a witness fee for testifying at the preliminary hearing. This issue was not included in appellant's statement of issues and appears to be an afterthought. In any event, we find no merit therein. The question referred to a collateral matter which the court, in its discretion, could properly exclude. Lakovic's status as a public servant would not have been altered merely by his receipt of a witness fee for attending the preliminary hearing.

Finding no basis for disturbing the findings of the trial court, the judgment of sentence will be affirmed.

Affirmed.

HESTER, J., did not participate in the consideration or decision of this appeal.